

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. A. Hight
Chief Accountant
Board of County and District
Road Indebtedness
Austin, Texas

Dear Sir:

Opinion No. O-3760
Re: Effect upon House Bill
No. 688 of the 46th Legisla-
ture, Regular Session, 1939,
of failure of Legislature to
provide for the payment of
the State's portion of bonds
made eligible for participa-
tion under the terms of said
bill.

We have your letter of July 15th in which you
request our opinion on the following questions:

"1. Does the expiration of the appropriation
provided in Section 6, Sub-section j, House Bill
No. 688, result in the expiration of the remaining
provisions of the Bond Assumption Law?

"2. Would the amendment of Section 6, Sub-section j,
H. B. 688 to read as follows: 'All moneys to be deposited
to the credit of the County & Road District Highway Fund
from September 1, 1941, to August 31, 1943, both inclusive,
are hereby appropriated to said respective counties and
defined road districts, for the purposes and uses more
specifically set forth in this Act, etc.' be sufficient
to continue operation of Bond Assumption Law?"

Sub-section j of Section 6 of House Bill 688, reads
in full as follows:

"All moneys to be deposited to the credit of the
County and Road District Highway Fund from September 1,
1939, to August 31, 1941, both inclusive, are hereby
appropriated to said respective counties and defined
road district and shall be received, held, used and
applied by the State Treasurer, as ex-officio Treasurer

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of said respective counties and defined road districts, for the purposes and uses more specifically set forth in this Act, including the payment of principal, interest and sinking fund requirements of all eligible obligations maturing on and from September 1, 1949, to and including August 31, 1941, and each year thereafter until all such eligible obligations are fully paid; and the moneys coming into the credit of the county and road district highway fund with the State Treasurer and all moneys remaining therein from the previous year shall be received and held by him as ex-officio Treasurer of the counties and defined road districts and shall first be subject to the appropriation for the payment of interest, principal and sinking fund maturing from time to time on said eligible obligations and then for the other uses specified and permitted in this Act."  (Underscoring ours)

Clearly this section of the Act can be construed as an appropriation of the funds allocated to the Board of County and District Road Indebtedness.  It is equally as plain that such appropriation is for the biennium beginning September 1, 1939, and ending August 31, 1941, and that the funds so appropriated are first to be used for the purpose of paying principal, interest and sinking fund requirements of all eligible obligations maturing on and from September 1, 1939, to and including August 31, 1941.  Therefore, it is our opinion that such obligations as mature subsequent to August 31, 1941, can receive no further assistance from the State until the Legislature has specifically appropriated funds therefor. Otherwise, the appropriation would be for a period of time longer than two years in violation of Section 6 of Article VIII of the Constitution of Texas, which reads as follows:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years except by the first legislature to assemble under this Constitution which may make the necessary appropriations to carry on the government until the assemblage of the Sixteenth Legislature."

Manifestly, then, sub-section j of Section 3 of the bill, being an appropriation measure, cannot last longer than two years and, therefore, expires by its own terms on August 31, 1941.

The purpose of H. B. 688 and its predecessors is clearly declared in Section 1. It is expressly declared to be the policy of the State to take over, acquire, purchase and retain the interest and equities of the various counties and defined road districts in and to the highways not previously taken over, acquired and purchased, constituting a part of the system of designated State Highways, and it is determined that the further provision of the Act should constitute fair, just and equitable compensation, repayment and reimbursement to said counties and defined road districts for their aid and assistance to the State in the construction of State Highways, and that such provisions would fully discharge the legally implied obligation of the State to so compensate, repay and reimburse the agencies of the State for expenses incurred at the instance and solicitation of the State, as well as for expenses incurred for the benefit of the State. The succeeding provisions set up the machinery for carrying out that declared policy.

We are of the opinion that the purpose of House Bill 688 was merely to fix the method of attaining the objectives declared in Section 1, and that Section 6, subsection j thereof, constituted the appropriation of funds necessary to effectuate its provisions for the biennium beginning September 1, 1939, and ending August 31, 1941.

It cannot be said that the purposes of the Act may not yet be carried out though we must hold that no appropriation of funds has been made for such purposes for the next biennium.

A statute cannot be repealed by non-user unless accompanied by the establishment of an opposite legislative policy or by the enactment of irreconcilable statutes or by elimination of the object of the statutes. See 59 C.J., page 928. House Bill 688 becomes inoperative by reason of the failure of funds with which to carry out its purpose. It is our opinion that the law has not expired and that when such funds as are necessary to carry on are provided by the Legislature the law may resume operation. The language used by the Court in the Interstate Forwarding Company v. Vineyard, 3 S.W. (2d) 947, seems persuasive of the view here taken, "the law remains in full force and effect although so to speak, in a state of hibernation because of non-enforcement."

Therefore, in reply to your question number one, we must answer in the negative.

With reference to your second question and the suggested amendment to sub-section j, Section 6 of House Bill 688, we think that the last phrase, "for the purposes and uses more specifically set forth in this Act, etc." should be made to read "for the purposes and uses more specifically set forth in House Bill 688 of the Forty-sixth Legislature, Regular Session". With this phrase properly substituted in your proposed amendment we are of the opinion that House Bill 688 will again become operative if said amendment be included in a re-enactment of Section 6 in its entirety published at length.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) CLARENCE E. CROWE
Assistant

APPROVED JUL 23, 1941

(Signed) GROVER SELLERS

FIRST ASSISTANT ATTORNEY GENERAL

CEC:EP

APPROVED OPINION COMMITTEE
BY B.W.B.CHAIRMAN